IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER GENE MCWILLIAMS, ) | No. C 06-3836 MMC (PR) |
|             Petitioner, ) | **ORDER DENYING MOTION TO DISMISS; SETTING NEW BRIEFING SCHEDULE** |
|   v. ) | |
| EDDIE YLST, Warden, ) | **(Docket No. 6)** |
|             Respondent. ) | |
| _____ ) | |

      On May 25, 2006, in the Central District of California, petitioner, a California prisoner incarcerated at San Quentin State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Prison Hearings ("BPH"). On June 20, 2006, the case was transferred to the Northern District. On December 8, 2006, petitioner was ordered to pay the filing fee, which he has done. On May 10, 2007, after reviewing the petition, the Court ordered respondent to file an answer showing cause why the petition should not be granted, or in the alternative, a motion to dismiss on procedural grounds.

      Respondent has filed a motion to dismiss the petition on the ground that the allegations in the petition are inadequate to establish standing, and are too vague to state a claim for habeas corpus relief. Petitioner has filed an opposition, respondent has filed a reply, and petitioner has filed a sur-reply. Having read and considered the parties' respective submissions, the Court rules as follows.

**BACKGROUND**

In 1984, in Los Angeles County Superior Court, petitioner was convicted of second degree murder, pursuant to a negotiated plea agreement; he was sentenced to a term of fifteen years to life in state prison. Thereafter, on a date not disclosed in the petition, the BPH denied petitioner parole.

**DISCUSSION**

In the instant petition, petitioner claims that the BPH, by denying him parole, violated his right to due process and equal protection, and breached the terms of his plea agreement. In support of his claims, petitioner refers to documents and exhibits attached to the petition.

Respondent moves to dismiss the petition as inadequate to establish standing, and too vague to state a claim for habeas corpus relief, because petitioner (1) does not specify in the petition the parole hearing being challenged; (2) does not provide attachments to the petition that would enable respondent to identify the hearing at issue; and (3) does not set forth the terms of the plea agreement.

In opposition to the motion to dismiss, petitioner asserts that the contours of his claims can easily be discerned from the attachments to his petition. He states that he submitted for filing with his petition the following documents and exhibits: "(A) mental health reports, (B) correctional counselor reports, (C) the complete parole hearing transcripts of the hearing that is being challenged, as well as the decision portion of every parole hearing before that, (D) Los Angeles Superior Court documents, (E) Appeals Court documents, (F) CA Supreme Court documents, (G) U.S. District Court documents." (Opp. at 2.)

In reply to petitioner's opposition, respondent states that no documents or exhibits are attached to the petition that was served on respondent with the Court's order to show cause. (Reply at 2.) Further, respondent's counsel states that both she and her paralegal contacted the Clerk of the Court for the Northern District and were told that the court file does not contain the above-referenced documents or exhibits. (Reply at 2 & Declaration of Counsel attached thereto.)

In his sur-reply, petitioner maintains that the documents and exhibits were attached to

his petition when he submitted the petition to the Central District of California for filing. Consequently, he argues, he should not be held responsible if the documents and exhibits did not arrive with the petition when it was transferred to the Northern District. He offers to make additional copies of the documents and exhibits for the Court and respondent.

The Court has confirmed that the subject documents and exhibits are not attached to the petition that was transferred to the Northern District from the Central District, and that they are not otherwise part of the court file. The Court has been advised, however, by the Clerk of the Court for the Central District, that the documents and exhibits were received with the petition when it was filed in the Central District, and that they remain there. Accordingly, the Court has asked the Clerk for the Central District to mail the documents and exhibits to the Northern District. When the documents and exhibits are received in the Northern District, they will be filed and docketed in the instant action, and the Court will direct the Clerk for the Northern District to serve respondent with a copy of the documents and exhibits.

As noted, respondent's motion to dismiss is based on the premise that the petition is inadequate to establish standing, and too vague to state a claim for habeas corpus relief, because neither the petition nor any attachments thereto specify the parole hearing being challenged or set forth the terms of petitioner's plea agreement. Petitioner represents that the documents and exhibits he references in his petition provide all of the information that respondent seeks. Because respondent did not have the benefit of reviewing the noted documents and exhibits before he filed the instant motion to dismiss, the Court will deny the motion to dismiss without prejudice, as premature. Once respondent receives the documents and exhibits, he shall file an answer to the petition, or in the alternative, a motion to dismiss on procedural grounds, according to the briefing schedule set forth below.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Respondent's motion to dismiss the petition is DENIED without prejudice. (Docket No. 6.)

3

2. Within **sixty (60)** days of the date respondent is served with a copy of the documents and exhibits as set forth above, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

3. In lieu of an answer, respondent may file, within **sixty (60)** days of the date respondent is served with a copy of the documents and exhibits as set forth above, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

This order terminates Docket No. 6.

IT IS SO ORDERED.

DATED: November 15, 2007

_____
MAXINE M. CHESNEY
United States District Judge

4